UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| SHELLEY MALLORY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:19-cv-1239-GMB |
| MORNINGVIEW ESTATES, LLC, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendant Morningview Estates, LLC ("Morningview"). Doc. 23. Morningview seeks dismissal of Plaintiff Shelley Mallory's claims arising from her employment with Morningview. Doc. 23 at 1. Morningview has briefed the motion (Doc. 23-1), but Mallory has failed to offer her response, which was due on August 20, 2020. Doc. 28. The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C § 636(c). Doc. 9.

## I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The purpose of summary judgment is to separate real, genuine issues from those which are formal or pretended." *Tippens v.*

*Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When a district court considers a motion for summary judgment, it "must view

all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Ed. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

When a plaintiff fails to respond to the defendant's motion for summary judgment,

> the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. In

3

addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed."

*U.S. v. 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004) (quoting *Dunlap v. Transam. Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)) (internal citations omitted).

## II.  FACTUAL BACKGROUND

Resolving all factual inferences in favor of Mallory, the nonmovant, the facts are as follows.[1]

Morningview operates an assisted living community in Fayette, Alabama. Doc. 23-2 at 4. Morningview purchased the assisted living community on or about September 1, 2016 from FiveStar Quality Care, Inc. ("FiveStar"). Doc. 23-2 at 4. FiveStar employed Mallory as a resident assistant from November 21, 2014 until September 1, 2016, when Morningview purchased the facility from FiveStar. Doc. 23-2 at 14 & 51. Upon the purchase of the facility, Mallory applied for employment with Morningview, and Morningview hired her. Doc. 23-2 at 14 & 55.

During Mallory's initial term of employment, she worked eight hours per shift on the third shift of the day, which ran from 11:00 p.m. to 7:00 a.m. Doc. 23-2 at 16.

---

[1] Because Mallory failed to respond to the motion for summary judgment, these facts are drawn from Morningview's Memorandum of Law in Support of Defendant's Motion for Summary Judgment. Doc. 23-1. The court has independently verified that each statement of fact is supported by the evidence and has supplied appropriate citations to the evidence.

Throughout her employment, Mallory's immediate supervisor was Stephanie McGough. Doc. 23-2 at 16.  Sharon Walker also assisted with shift scheduling as the head resident assistant. Doc. 23-2 at 16.  Mallory's last day of employment was May 25, 2018. Doc. 23-2 at 17 & 68.  Mallory filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 1, 2018. Doc. 23-2 at 17 & 67.

During Mallory's employment at Morningview, Walker supervised the other resident assistants and "harassed [Mallory] daily about [her] attitude." Doc. 23-2 at 20.  Walker did not harass any black employees about their "attitude." Doc. 23-2 at 20.  Mallory cannot recall the specific dates of these incidents but surmised that they must have occurred in April 2017. Doc. 23-2 at 20.  At some point in 2017, Walker scheduled Mallory as the sole resident assistant in charge of over 20 residents, while Walker and other black employees ran personal errands. Doc. 23-2 at 20–21.

Black employees regularly did their personal laundry or fixed their hair while leaving Mallory to care for over 20 residents on her own. Doc. 23-2 at 22.  She testified that this probably occurred in the latter part of 2017. Doc. 23-2 at 22.  Black employees rarely followed the uniform policy and were not disciplined, but when Mallory did not follow the uniform policy on one occasion in December 2017 Walker told Mallory that she was not supposed to be wearing uniforms that did not match her proper color code. Doc. 23-2 at 24.

Mallory suffers from stress-related seizures. Doc. 23-2 at 67. She experienced two seizures prior to working for Morningview and one since then, although none of these seizures occurred at work. Doc. 23-2 at 19. On April 11, 2018, Mallory gave Walker a note from her treating psychiatrist opining that Mallory needed to be on the evening shift consistently to regulate her sleep. Doc. 23-2 at 26. Mallory also testified that she spoke to McGough about changing her schedule. Doc. 23-2 at 27. McGough told Mallory that she could only accommodate the request if Mallory was willing to work every weekend. Doc. 23-2 at 27. Mallory admitted that her requested schedule change would require more senior employees to cover her shift in violation of the company's seniority policy. Doc. 23-2 at 31. McGough confirmed that the schedule change would have violated Morningview's seniority policy unless Mallory agreed to work every weekend. Doc. 23-2 at 5.

### III.  DISCUSSION

Mallory brings claims for racial discrimination under Title VII and disability discrimination under the ADA. Doc. 1 at 4–6. Morningview moves for summary judgment on both claims. Doc. 23 at 1. The court addresses each argument in turn.

**A.   Title VII**

An employee must file a charge of discrimination within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Only claims arising within 180 days of filing the charge are actionable. *See E.E.O.C. v.*

*Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Mallory's EEOC charge alleges that the last discriminatory event took place on May 25, 2018. Doc. 23-2 at 67. But she has provided no evidence of any racially discriminatory events that took place in 2018. Rather, Mallory testified in her deposition that the most recent occurrences of racial discrimination or harassment occurred in 2017. Doc. 23-2 at 20–22 & 24. Morningview has shown that all of the alleged racially discriminatory acts occurred in 2017, more than 180 days before Mallory filed her EEOC charge in October 2018. Doc. 23-2 at 17 & 67. Therefore, her claim under Title VII is time barred, and Morningview's motion for summary judgment on the Title VII claim is due to be granted.

**B. ADA**

The ADA requires employers to make "reasonable accommodations [for a] qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A). Ordinarily, an accommodation that violates a seniority system will not be reasonable. *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 403 (2002). The plaintiff bears the burden of establishing special circumstances that show why an exception to a seniority policy would be reasonable in her particular case. *Id.* at 405–06.

Morningview has shown that Mallory's requested accommodation of a schedule change would violate Morningview's seniority policy. Doc. 23-2 at 5 & 31. By not responding to Morningview's motion for summary judgment, Mallory has failed to meet her burden to show special circumstances. Therefore, the court finds that the requested accommodation is unreasonable, and Morningview's motion for summary judgment on the ADA claim is due to be granted.

## IV. CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented and the law governing this action, it is ORDERED that Defendant Morningview's motion for summary judgment (Doc. 23) is GRANTED and all claims asserted by Plaintiff Mallory are DISMISSED WITH PREJUDICE.

It is further ORDERED that Morningview's Motion for Judgment on the Pleadings (Doc. 29) is MOOT.

A final judgment will be entered separately.

DONE and ORDERED on November 23, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE